UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE P. HAYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER BECK, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-02694-EFB (PC)<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county jail inmate proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis. ECF No. 8.[1] Additionally, the complaint is before the court for screening.

I. **Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

---

[1] This proceeding was referred to a magistrate judge by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

2

678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.     Screening Order

Plaintiff sues Fairfield City Police Department, Detective Christopher Beck, and Officer Keith Pulsipher over an operation conducted by the department at plaintiff's residence on April 7, 2022 that culminated in plaintiff's arrest.[2] ECF No. 6. Plaintiff asserts a number of claims, all of which arise from that operation and which include claims for false imprisonment and illegal search and seizure.

This action must be dismissed because it is duplicative of an earlier-filed, and still pending, case – *Lawrence P. Hayes v. Fairfield City Police Department*, E.D. Cal. Case No. 2:23-cv-02380-DMC (hereinafter "*Hayes I*"). The court takes judicial notice pursuant to Federal Rule of Evidence 201 of plaintiff's amended complaint in *Hayes I*, which also names Beck, Pulsipher, and the Fairfield City Police Department as defendants and challenges the April 7, 2022 police action. *Hayes I*, ECF No. 6. A case pursued by an in forma pauperis litigant may be dismissed as duplicative where it involves the same subject matter and is pursued against the same defendants. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)

---

[2] Plaintiff seeks leave to file an amended complaint (ECF No. 6) and has also filed the proposed amended complaint (ECF No. 5). The motion will be granted, and these findings and recommendations concern the now-operative amended complaint filed on December 22, 2023. Fed. R. Civ. P. 15(a)(1)(B).

3

### IV. Order and Recommendation

Accordingly, it is ORDERED that the Clerk of Court randomly assign a district judge to this action and that plaintiff's December 22, 2023 motion for leave to file an amended complaint (ECF No. 6) is GRANTED. It is further RECOMMENDED that the case be dismissed as duplicative of *Lawrence P. Hayes v. Fairfield City Police Department*, E.D. Cal. Case No. 2:23-cv-02380-DMC.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 29, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE